## Case No. 7,432.

### The JOHN WALLS. JR.

[1 Spr. 178; 1 12 Law Rep. 24.]

District Court, D. Massachusetts. March, 1849.

S. H. Phillips, for libellants.
Isaac Story, Jr., for respondent.

SPRAGUE, District Judge. As this vessel was owned in another state, a lien for necessary repairs is given, both by the general maritime law, and by the Massachusetts statute of 1848 (chapter 290). The most difficult question here is one of fact. Was there a credit of six months? [There is a direct conflict of evidence, and under such circumstances the principle of law requires that the affirmative evidence of the agent must be credited rather than the negative evidence of the workman. By the testimony of the former, it appears that there was a contract to furnish "nails" at twenty-two cents per pound, and on a credit of six months. Consequently, as to the "nails" this proceeding was premature. But as to the other articles (marks, dove-tails, &c.) it was not premature.] 2 I think a credit of six months was given for the greater portion of supplies, and for such portion no libel can be sustained until after the expiration of the credit. The Nestor [Case No. 10,126]; The Chusan [Id. 2,717]. But for the residue, so far as it remains unpaid, a lien may now be enforced.

Certain payments have been made, which

1 [Reported by F. E. Parker. Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

are to be appropriated to the extinguishment of the libellants' claim, which first became due. This will leave only $14.76, for which the libellants can now have a decree. As they did not limit their demand to this small amount, they cannot have costs.

A question of the mode of taxing costs subsequently arose. It appeared that this vessel was in the custody of the marshal, upon a previous libel, when this suit was instituted, and that it had been the practice of the marshal, where he held property by virtue of two warrants of arrest, to charge the whole custody fees in the first suit; but THE COURT directed that they should be apportioned equally, charging one-half to each suit.